Ana **MONTERO DE CALDERON**,
Petitioner,

v.

**Peter D. KEISLER,\* Respondent.**

No. 07–0660–ag.

United States Court of Appeals,
Second Circuit.

Oct. 12, 2007.

H. Raymond Fasano, Madeo & Fasano, New York, N.Y., for Petitioner.

Jesse M. Bless, Trial Attorney, Civil Division, Office of Immigration Litigation (Anthony C. Payne, Senior Litigation Counsel, Ernesto H. Molina, Jr., Senior Litigation Counsel, on the brief), Washington, D.C., for Respondent.

PRESENT: Hon. GUIDO CALABRESI, Hon. RICHARD C. WESLEY, Circuit Judges, and Hon. CHARLES L. BRIEANT, District Judge.[1]

## SUMMARY ORDER

After having been found ineligible for cancellation of removal and for a waiver of inadmissibility, *In re Ana Montero De Calderon,* No. A38–123–825 (Immg. Ct. N.Y. City Jan. 17, 2006), Petitioner Ana Montero De Calderon filed a motion to reopen removal proceedings, based on ineffective assistance of counsel. The denial of this motion by the Immigration Judge was then affirmed by the BIA. *In re Ana Montero De Calderon,* No. A38–123–825 (B.I.A. Jan. 25, 2007), *aff'g* No. A38–123–825 (Immig. Ct. N.Y. City May 5, 2006). Montero now petitions this Court for review.

We review the BIA's denial of a motion to reopen for abuse of discretion. *Kaur v. BIA,* 413 F.3d 232, 233 (2d Cir.2005). To reopen removal proceedings based on inef-

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Peter D. Keisler has been substituted for former Attorney General Alberto R. Gonzales as the respondent in this case.

1. The Honorable Charles L. Brieant, United States District Court for the Southern District of New York, sitting by designation.

fective assistance of counsel, a petitioner must meet the requirements of *Matter of Lozada,* 19 I. & N. Dec. 637, 639 (B.I.A. 1988), and demonstrate that she was prejudiced by her counsel's performance. *See Twum v. INS,* 411 F.3d 54, 59 (2d Cir. 2005). As Montero has failed to proffer evidence that would allow us to infer that her "result would have been different" had her prior attorney acted differently,[2] *Esposito v. INS,* 987 F.2d 108, 111 (2d Cir. 1993), we cannot say that the BIA abused its discretion in denying her motion to reopen.

The petition for review is therefore DENIED. Having completed our review, any pending motion for a stay of removal in this petition is DISMISSED as moot.

**Isidro LEONARD–SANTANA, Petitioner,**

**v.**

2. In Montero's removal proceedings, the IJ found that Montero was ineligible for cancellation of removal due to her failure to fulfill the criterion of seven years' continuous residence. 8 U.S.C. § 1229b(a)(2). The IJ found that Montero had arrived in 1983 and that her criminal acts, beginning in 1988, had the legal effect of stopping the clock at five years. For the first time, at oral argument, Petitioner's counsel adverted to various arguments, including the possibility that Montero had arrived in the United States earlier than 1983, that, had they been argued by her original lawyer, might have changed the result in her case. We also note that it is an open question whether Montero's criminal act in 1988 would, on its own, have been considered a crime of moral turpitude, sufficient to stop her years of residence from accruing. *See* 8 U.S.C. § 1182(a)(2)(ii)(II). These arguments were not, however, raised below and so are not now before us.